UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RODNEY CLARK; DONNA CLARK<br><br>Plaintiffs,<br><br>vs.<br><br>APPLIED BANK<br><br>Defendant. | Case No.: 1:19-cv-1259<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227,**<br><br>2. **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiffs, Rodney Clark ("Rodney") and Donna Clark ("Donna") (together referred to herein as "Plaintiffs"), through their attorneys, allege the following against Applied Bank, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiffs' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiffs' Complaint is based upon the common law tort Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement

(Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Plaintiffs also bring this complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiffs are citizens of Ohio and Defendant is a citizen of Delaware) and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District while Plaintiffs traveled to Marion county.

6. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff Rodney Clark is a consumer residing in the County of Delaware, State of Ohio.

8. Plaintiff Donna Clark, Rodney's mother, is a consumer residing in the County of Delaware, State of Ohio.

9. Defendant is a financial institution with its principal place of business located in Wilmington, DE. Defendant can be served with process at 2200 Concord Pike, Suite 102 Wilmington, DE 19803.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In or around October 2018, Defendant began placing calls to Plaintiff Rodney Clark's cellular phone number (xxx) xxx-5942 in an attempt to collect an alleged debt on account number xxx3125 ("Account").

12. The calls placed by Defendant mainly originated from (614) 502-2694; (614) 502-2591; and (614) 502-2642.

13. Upon information and belief, Defendant (or its agents) owns and operates these numbers.

14. On or about October 17, 2018, Rodney received a call from (614) 502-2694. He did not recognize the number, so he called back at 12:25 p.m. and spoke with Defendant's representative "Jack."

15. Defendant informed Rodney that it was attempting to collect an alleged debt.

16. During the call, Rodney unequivocally revoked consent to be called any further.

17. Despite Plaintiff's request not to be contacted, Defendant continued to call Rodney on his cellular phone, usually two (2) to three (3) times per day.

18. In fact, Defendant called Rodney again that day (October 17, 2018) at 6:05 p.m. from (614) 502-2694, only hours after he had revoked consent.

19. When Rodney answered that call from Defendant, he heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff again unequivocally revoked consent to be called.

20. Defendant continued to call from multiple phone numbers, all with Ohio area codes despite being located in Delaware, to confuse Plaintiff into answering its incessant calls.

21. The next day, October 18, 2018, after getting calls from a different number, Rodney called back (614) 502-2591 at 1:05 p.m. and learned the number also belonged to Defendant. He told Defendant for the third time to stop calling him, but Defendant continued to call even later that day.

22. The following day, October 19, 2018, he called (614) 502-2642 at 9:10 a.m. and told Defendant for a fourth time to stop calling him. However, Defendant did not stop.

23. On or about October 25, 2018, at 3:49 p.m., after continued calls from Defendant, Plaintiff called Defendant at (614) 502-2642 and spoke with Defendant's representative "Zack".

24. Plaintiff, for the fifth time, unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff almost daily.

25. On or about November 5, 2018, Plaintiff was so frustrated that Defendant would not heed his request to stop calling, that he called Defendant at (614) 502-2591 and for the **sixth time** unequivocally revoked consent to be called any further.

26. Between October 2018 and February 2019 Defendant called Rodney no less than ONE-HUNDRED AND NINETY (190) times *after* the first time Rodney revoked consent to be called.

27. Defendant continued calling, even after Rodney revoked consent at least six (6) times and explained to Defendant that he was disabled with kidney failure and experiencing financial hardship.

28. Defendant's incessant calls were very unsettling and emotionally stressful to Rodney, who is on disability and had no money to pay Defendant.

29. Defendant also called Rodney's mother, Plaintiff Donna Clark, on *her* cellular phone, (xxx) xxx-9988, regarding Plaintiff's alleged debt.

30. Donna is neither a co-signer nor an authorized user on Rodney's Account and Rodney never provided Defendant with Donna's phone number.

31. Donna has never had an Applied Bank account or credit card.

32. Defendant never had consent to call Rodney's mother, Donna.

33. Donna answered calls from Defendant at least twenty-five (25) times and either heard an automated message and hung up or told Defendant it had the wrong number and to stop calling.

34. Between October 2018 and February 2019, Defendant called Donna no less than ONE-HUNDRED AND TWENTY (120) times; Defendant NEVER had consent to call her in the first place.

35. Defendant's conduct was willful and done with the intention of harassing Plaintiffs and causing distress, so as to induce them to pay the alleged debt.

36. Defendant's conduct caused Plaintiffs to suffer from stress, frustration, anxiety, and embarrassment.

37. Defendant's conduct also harmed Plaintiffs by wasting their time and preventing other calls to their cellular telephones.

38. As a result of Defendant's conduct, Plaintiffs have sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiffs at Plaintiffs'

cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

41. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violations of Ohio's Invasion of Privacy)**

42. Plaintiffs incorporate by reference paragraphs One (1) through Thirty-seven (37) of this Complaint as though fully stated herein.

43. Defendant violated Plaintiffs' privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiffs' solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. Defendants conduct would be highly offensive to a reasonable person as Plaintiffs frequently received multiple calls a day, sometimes as late as 9 p.m.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

44. As a result of Defendant's violations of Plaintiffs' privacy, Defendant is liable to Plaintiffs for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiffs may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

Date: May 31, 2019  By: */s/David A Chami*
David A. Chami, AZ #027585
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5515
E: david@pricelawgroup.com